UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BUSI AND STEPHENSON LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:13-CV-3935-B |
| | § | |
| U.S. TRADE FINANCE | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Busi and Stephenson Ltd.'s Motion for Default Final Judgment (doc. 10), filed on December 10, 2013. For the reasons discussed below, the Court **DENIES without prejudice** Plaintiff's Motion.

## I.

## BACKGROUND

This case was originally filed on September 27, 2013. In its Complaint (doc. 1), Plaintiff Busi and Stephenson Ltd. (Busi) alleges that it entered into a contract with Defendant U.S. Trade Finance Corporation (USTF) for the purchase and sale of a machine. Doc. 1, Orig. Compl. ¶¶ 2-6, 17-18. Busi maintains that it fully performed under the contract when it delivered an initial deposit of $18,000 and a later transfer of $177,800 for the remainder of the contract price. *Id.* ¶¶ 3, 7. Busi further alleges that USTF then breached the contract when it failed to deliver the machine. *Id.* ¶¶ 9, 19. Although USTF allegedly represented that it would provide Busi with a complete refund of its payments as well as any additional charges incurred, Busi insists that it has still not received a refund.

*Id.* ¶¶ 10-13.

On October 9, 2013, process was served on USTF via its registered agent. Doc. 7, Return of Service Ex. A; 7-1, Bergman Decl. To date, USTF has failed to answer or otherwise make an appearance in this case. Consequently, on November 20, 2013, the Clerk of the Court entered a default (doc. 8) against USTF. Busi filed its present motion on December 10, 2013. Doc. 10, Motion for Default Jmt. USTF has again failed to respond. Busi's motion is now ripe for review.

## II.

## LEGAL STANDARDS

A.    *Default Judgment*

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b). Through the entry of default judgment, the "conduct on which liability is based may be taken as true as a consequence of the default." *Frame v. S-H Inc.*, 967 F.2d 194, 205 (5th Cir. 1992). In considering a motion for default judgment, the court accepts as true the well-pleaded allegations of facts in the complaint. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

In determining whether a default judgment should be entered against a defendant, courts have developed a two-part analysis. *See, e.g., Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *2-*3 (S.D. Tex. Oct. 5, 2011). First the court must consider whether the entry of default judgment is appropriate under the circumstances. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include: (1) whether material

issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Id.* Second, the court must assess the merits of the plaintiff's claims and find sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr.*, 515 F.2d at 1206. Although the defendant may be in default, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

## III.

## ANALYSIS

A.    *Whether Default Judgment is Appropriate*

In deciding whether default judgment is appropriate in this case, the Court first considers the six factors outlined in *Lindsey*. The Court finds that these factors all weigh in favor of default. First, USTF has not filed any responsive pleadings. Consequently there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact."). Second, USTF's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of W.*, 2011 WL 4738197, at *3 (citing *Lindsey*, 161 F.3d at 893). In addition, there is no evidence before the Court to indicate that USTF's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Indeed, USTF has had plenty of time–almost six months–to answer and has filed nothing with the Court to explain its reticence. *Cf. Elite v. The KNR Group*, 216 F.3d 1080 (Table), 2000 WL 729378, at *1 (5th Cir. May 19, 2000) (per curiam) (holding default judgment to be inappropriate where defendant sent letter to court explaining his failure to appear

was due to financial privation). USTF's complete failure to respond during these last six months therefore mitigates the harshness of a default judgment. *John Perez Graphics & Design, LLC v. Green Tree Inv. Group, Inc.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013). Furthermore, Busi only seeks the relief to which it is entitled under the law. Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by USTF. *Lindsey*, 161 F.3d at 893. Therefore, the Court concludes that default judgment is proper.

B.      *Whether There is a Sufficient Basis for Judgment in the Pleadings*

Due to its default, USTF is deemed to have admitted the allegations set forth in the Complaint. Nonetheless, the Court must review the pleadings to determine whether Entizne can establish a viable claim for relief. *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.").

Busi's sole cause of action is a breach of contract claim. Under Texas law, the essential elements of a breach of contract claim are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach." *Walker v. Presidium, Inc.*, 296 S.W.3d 687, 693 (Tex. App.–El Paso 2009, no pet.); *Am. Gen. Life Ins. Co. v. Kirsh,* 378 F. App'x 379, 383 (5th Cir. 2010) (citing *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007)).

Busi alleges that on February 7, 2013, USTF furnished a pro-forma invoice in which it offered to sell a Wirtgen Planer W2000 to Busi for $180,000. Doc. 1, Orig. Compl. ¶ 2. Busi further alleges that it accepted the offer by furnishing a wire transfer for the initial refundable deposit, and that it fully performed when it forwarded the remainder of the purchase price. *Id.* ¶¶ 2-5, 6-8. Despite Busi's

full performance under the contract, Busi maintains that USTF never delivered the machine and that, despite promises to the contrary, it never sent a refund. *Id.* ¶¶ 9-13. Finally, Busi alleges that it suffered foreseeable damages as a consequence of USTF's breach. *Id.* ¶¶ 20-21. Thus, Busi's allegations, which the Court accepts as true based on USTF's default, establish its breach of contract claim. *See Nishimatsu Constr.*, 515 F.2d at 1206. Consequently, the Court finds that there is a sufficient basis for judgment in Busi's pleading.

C.      *Damages*

"A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages." *Ins. Co. of the W.*, 2011 WL 4738197, at *4 (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524-25 (5th Cir. 2002)). Normally damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

Busi requests damages equaling the amount of its previous wire transfers to USTF as well as additional charges and fees that it incurred as a consequence of USTF's breach. In addition, Busi requests attorney's fees, costs and pre- and post-judgment interest. The Court considers each of these requests in turn.

1.      Damages

In an action for breach of contract, actual damages may be recovered when loss is the natural, probable, and foreseeable consequence of the defendant's conduct. *Mead v. Johnson Grp., Inc.*, 615 S.W.2d 685, 687 (Tex. 1981). Busi submits the declaration of James Johnston, the Manager

of Busi's Purchasing Department, in which he affirms that Busi furnished in two separate wire transfers funds in the amount of $195,800. Doc. 10-2, Johnston Decl. Ex. B ¶¶ 2, 4-5. Busi then submits records of the initial invoice, two order forms, and the alleged wire transfers reflecting that Busi transferred $18,000 and $177,800 on two separate dates. Docs. 10-2, Invoice, Order Forms, Transfer Records Exs. 1-4. Johnston also testifies that USTF's Vice President, Gary Childs, emailed Busi and promised to reimburse Busi for additional charges. Doc. 10-2, Email Ex. 5. To show the additional charges that Busi incurred, Johnston lists in his declaration two additional charges beyond the two alleged wire transfers, including "Inspection Fees/Bank Charges" and "Letter of Credit Charges." Doc. 10-2, Johnston Decl. Ex. B ¶ 8. He does not, however, provide an explanation as to how these charges arose due to USTF's breach of contract or provide any supporting documentation of these expenses.

The Court does not feel that this evidence is sufficient to justify Busi's requested damages award. With regards to the additional charges beyond the wire transfers, Johnston's mere statement of specific amounts without any explanation as to how the charges arose and with no additional documentary evidence will not support a damage award. Doc. 10-2, Johnston Decl. Ex. B ¶ 8. *See Beachhead, LP v. Solar Night Industries, Inc.*, No. 3:08-CV-0718-D, 2008 WL 4692856, at *2 (N.D. Tex. Oct. 23, 2008) (finding that a single affidavit from plaintiff's limited partner stating the possible amount that plaintiff would have received in a separate transaction had defendant adequately performed under a contract was insufficient alone to establish plaintiff's damages); *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993) (upholding an award of additional collection fees beyond actual damages when the collection fees "could be computed with certainty by reference to the pleadings and supporting documents alone.") (citations omitted). Busi will need to submit supporting

documentation as well as an explanation as to how these charges arose as a consequence of USTF's breach before the Court will award them as damages.

With regards to the two wire transfers, Johnston's declaration and the accompanying transfer records would perhaps be sufficient to justify the requested damages in some circumstances, but the transfer records presented here list the status of the payments as "Execution Pending," raising questions about when, and if, the transfers were ever accomplished. Docs. 10-2, Transfer Records Exs. 2, 4. Just as the Court asks Busi to submit additional evidence to justify any damages beyond the initial wire transfers, it will also ask Busi to submit additional evidence to show that the wire transfers actually went through, or to at least provide an explanation as to why the records it provides read "Execution Pending."[1]

In light of these deficiencies and the Fifth Circuit's disinclination to award damages absent a hearing or detailed affidavits establishing the necessary facts, *United Artists*, 605 F.2d at 857, the Court **DENIES** Busi's Motion for Default Judgment pending supplementation of the record with materials resolving the issues noted above. Because the Court cannot calculate Busi's request for interest until it determines Busi's actual damages, it will defer a ruling on interest until Busi returns its supplemental documentation in this matter.

2.     Attorney's Fees and Costs

The Court also considers Busi's request for attorney's fees and costs. Texas Civil Practice and

---

[1]The Court also notes that none of the documentary evidence submitted as to damages is authenticated. Although Johnston's declaration does make oblique references to each document, it does not state that the document "is what the proponent claims it is," nor are the documents self-authenticating. Fed. R. Ev. 901, 902. Busi must therefore correct these shortcomings when it submits its supplemental documentation to this Order.

Remedies Code permits an award of reasonable attorney's fees to a prevailing party on a breach of contract claim. Tex. Civ. Prac. & Rem. Code § 38.001(8). "To recover attorney's fees under Section 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages." *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). Although the Court does not award damages, making Busi ineligible for attorney's fees at this point, it will proceed with its analysis in order to point out some deficiencies in the record that should be remedied upon Busi's supplementation of the record.

In support of its request for attorney's fees, Busi submits the declaration of its attorney, Richard H. Bergman, as well as the billing records of his law firm, Bergman & Jacobs, PA. These documents detail the charges and expenses incurred during this litigation.

1.     *Attorney's fees*

The Fifth Circuit has described the basic procedure and standard for determining attorney's fees as follows:

> The determination of a fees award is a two-step process. First the court calculates the "lodestar" which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

*Smith v. Acevedo*, 478 F. App'x 116, 124 (5th Cir. 2012) (quoting *Jimenez v. Wood Cnty*, 621 F.3d 372,

379-80 (5th Cir. 2010)). The *Johnson* factors are (1) time and labor required for the litigation; (2) novelty and difficulty of the questions presented; (3) skill requisite to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) limitations imposed by the client or circumstances; (8) amount involved and the result obtained; (9) experience, reputation, and ability of the attorneys; (10) "undesirability" of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19.

The first step in the lodestar analysis requires the Court to determine the reasonable number of hours expended by Busi's attorney on the lawsuit, as well as the reasonable hourly rate for the attorney involved. *Smith*, 478 F. App'x at 124; *Williams v. Kaufman Cnty*, No. 3:97-CV-0875-L, 2003 WL 21755913, at *5 (N.D. Tex. July 30, 2003). The evidence that Busi submits to support its request here, however, is somewhat confusing. While Bergman states in his affidavit that one of his associates has recorded 12.3 hours on this matter, the records that he submits only reflect that the associate expended 11.6 hours on this matter. *See* Docs. 11, Bergman Decl. ¶ 4; 11-1, Invoices Ex. A. While this is not a significant discrepancy, and while the Court would usually just exclude the improperly documented amount, the Court also notes that Busi provides no evidence or support to show that the stated hourly rate ($290.00), is equal to the "prevailing hourly rate in the community for similar work." *Johnson*, 488 F.2d at 717-19. Finally, while Bergman states in his affidavit that local counsel would file a separate affidavit for fees and costs, no such affidavit has been filed in this case. Rather than base Busi's attorney's fee award on incomplete documentary evidence, therefore, the Court will allow Busi to resubmit its request for attorney's fees with proper documentation and support. Accordingly, Busi's request for attorney's fees is **DENIED without prejudice** pending

supplementation of the record with supporting material.

2.    *Costs*

Lastly, the Court considers Busi's request for costs. A prevailing party in a civil action is entitled to recover its costs unless a federal statute, the federal rules, or the court provides otherwise. *See* Fed. R. Civ. P. 54(d)(1). Taxable court costs include: (1) fees paid to the clerk and marshal; (2) court reporter fees for all or part of the deposition transcript; (3) printing costs and witness fees; (4) fees for copies of papers necessarily obtained for use in the case; (5) certain docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. Here, Busi provides no evidence or allegations to support its claims for costs. The only document that Busi submits that even mentions costs is a page from an invoice submitted by Busi's attorney, which lists such costs and disbursements as "postage," "local counsel Dallas Bar Referral Fee," "Miscellaneous costs to Clerk of Court for Pro Hac Vice Application," and "Miscellaneous costs to Patrick Rikley, Esq." Doc. 11-1, Invoice Ex. A, at 3. This list of costs is too uncertain to provide a basis upon which this Court could justify an award of costs, especially since courts in this Circuit have shown reticence in granting costs beyond those items enumerated in 28 U.S.C. § 1920. *See Hernandez v. Aleman Const.*, No. 3:10-CV-2229-BN, 2013 WL 5873289, at *6-*7 (N.D. Tex. Nov. 1, 2013) (rejecting a request for costs including process serving, mediation services, mileage, parking, office supplies, teleconferencing, and FedEx shipping); *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010) (noting that "the Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary.") (citations omitted). Accordingly, the Court **DENIES** Busi's request for costs without prejudice to his refiling the same request with sufficient evidentiary support.

## IV.

## CONCLUSION

For the above-stated reasons, the Court **DENIES without prejudice** Busi's Motion for Default Judgment. Busi is directed to supplement the record as addressed above **no later than May 30, 2014.** Busi is further directed to serve a copy of its Motion for Default Judgment (doc. 10) as well as the directed supplementation on the USTF's Registered Agent for Service prior to the May 30, 2014 deadline for supplementation.

SO ORDERED.

SIGNED: April 25, 2014.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE